# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JERI WASCO,
1702 Forest Glen Road
Silver Spring, MD 20910
(301) 593 - 6988

       Plaintiff,

vs.                           CASE NO.:

S & V Enterprises at Jennifer Street, Inc., a
Washington , D.C. corporation
5252 Wisconsin Avenue NW
Washington, D.C. 20015
(202) 686-5805

       Defendant.

_____/

## COMPLAINT

Plaintiff, JERI WASCO ("Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues, S & V ENTERPRISES AT JENNIFER STREET, INC., a Washington, D.C. corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the District of Columbia.

3.      Plaintiff, JERI WASCO (hereinafter referred to as "MS. WASCO") is a resident of the State of Maryland and is an individual with a qualified disability under the ADA.   MS. WASCO suffers from cerebral palsy, which constitutes a "qualified disability" under the ADA and all other applicable Federal statutes and regulations.  MS. WASCO requires the use of a wheelchair for mobility. Prior to instituting the instant action, MS. WASCO personally visited the Defendant's premises, **Booeymonger's Deli,** (hereafter referred to as the "RESTAURANT"), located at and around **5252 Wisconsin Avenue NW, Washington, D.C.**, and attempted to avail herself of the goods, services and accommodations offered therein and was denied full, safe and equal access to the Defendant's premises due to the Defendant's lack of compliance with the ADA.  MS. WASCO continues to desire and has a present intention to visit the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the barriers to access which continue to exist in violation of the ADA.

4.      The Defendant, S & V ENTERPRISES AT JENNIFER STREET, INC., a Washington, D.C. corporation, (hereinafter referred to as "S & V ENTERPRISES") is authorized to conduct and is conducting business in the State of Maryland. Upon information and belief, S & V ENTERPRISES is the owner and/or operator of the real property and improvements that is the subject of this action, to wit: the RESTAURANT.

5.      All events giving rise to this lawsuit occurred in the District of Columbia.

<u>**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**</u>

6.      Plaintiff re-alleges and re-avers paragraphs one through five.

7.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 <u>et. seq.</u> Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the RESTAURANT owned and/or operated by S & V ENTERPRISES, is a place of public accommodation in that it is a RESTAURANT, which provides goods and services to the public.

9.      Defendant, S & V ENTERPRISES, has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying full, safe and equal access to the goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 <u>et. seq.</u>

10.     Prior to the filing of this lawsuit, the Plaintiff visited the RESTAURANT and was denied full, safe and equal access to the benefits, accommodations and services of S & V ENTERPRISES, a place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and has a present intention to visit the RESTAURANT in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers that remain at the RESTAURANT in violation of the ADA.  MS. WASCO has now and continues to

have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

11.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12.     Defendant, S & V ENTERPRISES is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

   i. There are no accessible seating positions / tables provided at the facility;
   ii. There is a lack of maneuvering clearance at the entrance door;
   iii. There is a ramp leading to the entrance door that is not accessible;
   iv. Several of the items at the condiment stand are out of reach range;
   v. The toilet room is inaccessible;

13.     There are other current violations of the ADA at the RESTAURANT owned and/or operated by the S & V ENTERPRISES which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

15.     Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304,

S & V ENTERPRISES was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, S & V ENTERPRISES has failed to comply with this mandate.

16.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by S & V ENTERPRISES pursuant to 42 U.S.C. § 12205.

17.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against S & V ENTERPRISES and requests the following injunctive and declaratory relief:

A.    That the Court declare that the property owned and/or administered by S & V ENTERPRISES is not in compliance with the mandates of the ADA;

B.    That the Court enter an Order directing S & V ENTERPRISES to alter the subject property to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing S & V ENTERPRISES to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 6, 2006                      Respectfully submitted:

By: ___s/Jason E. Miles_____
Jason E. Miles, Esquire
Maryland Bar No. 26349
Schwartz, Zweben & Slingbaum LLP
51 Monroe Drive, Suite 812
Rockville, MD  20850
Telephone:     (301) 294-6868
Facsimile:     (301) 294-6480
jmiles@szalaw.com
Gene Zweben, Esquire
Florida Bar No. 0088919
Attorneys for Plaintiff
Schwartz, Zweben & Slingbaum, LLP
205 SW Winnachee Drive
Stuart, Florida 34994-7105
Telephone:     (772) 223-5454
Fax:             (772) 463-0778
gzweben@szalaw.com

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Jeri Wasco,

**DEFENDANTS**

S & V Enterprises at Jennifer Street, Inc., a Washington, D.C. corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF___Montgomery___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT___Washington, D.C.___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jason E. Miles, Esquire, Schwartz, Zweben & Slingbaum LLP, 51 Monroe Street, Suite 812, Rockville, MD  20850, Telephone: (301) 294-6868

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ❏ 1 U.S. Government Plaintiff
- ✗ 3 Federal Question (U.S. Government Not a Party)
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business in This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business in Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** (PLACE an x IN ONE BOY ONLY)

| A     CONTRACT | A     TORTS | | B FORFEITURE/PENALTY | A     BANKRUPTCY | A     OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise<br><br>**REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br><br>**CIVIL RIGHTS**<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 444 Welfare<br>❏ 445 Amer. W/Disabilities-Employment<br>✗ 446 Amer. W/Disabilities-Other<br>❏ 440 Other Civil Rights | **PERSONAL INJURY**<br>❏ 362 Personal Injury - Med Malpractice<br>❏ 365 Personal Injury - Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability<br><br>**PRISONER PETITIONS**<br>❏ 510 Motions to Vacate Sentence<br><br>**Habeas Corpus:**<br>❏ 530 General<br>❏ 535 Death Penalty<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition | ❏ 610 Agriculture<br>❏ 620 Other Food & Drug<br>❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 630 Liquor Laws<br>❏ 640 R.R. & Truck<br>❏ 650 Airline Regs<br>❏ 660 Occupational Safety/Health<br>❏ 690 Other<br><br>**LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Mgmt. Relations<br>❏ 730 Labor/Mgmt. Reporting & Disclosure Act<br>❏ 740 Railway Labor Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Empl. Ret. Inc. Security Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (505(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS-Third Party 26 USC 7609 | ❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>B ❏ 450 commerce/ICC Rates/etc.<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 810 Selective Service<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 875 Customer Challenge 12 USC 3410<br>❏ 891 Agricultural Acts<br>❏ 892 Economic Stabilization Act<br>❏ 893 Environmental Matters<br>❏ 894 Energy Allocation Act<br>❏ 895 Freedom of Information Act<br>❏ 900 Appeal of Fee Determination Under Equal Access to Justice<br>❏ 950 Constitutionality of State Statutes<br>* ❏ 890 Other Statutory Actions<br><br>* A or B |

**V. ORIGIN** (AN x IN ONE BOX ONLY)

- ✓ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Refilled
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Judge from Magistrate Judgment

Appeal to District

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
____42 U.S.C. § 12181 et seq____
Brief description of cause: Americans With Disabilities Act

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A CLASS ACTION
❏ UNDER F.R.C.P.23

DEMAND $_____

Check YES if demanded in complaint
JURY DEMAND:     ___NO___

**VIII. RELATED CASE (S) IF ANY**   (See Instructions)

JUDGE_____          DOCKET NUMBER_____

DATE     October 6, 2006          SIGNATURE OF ATTORNEY OF  RECORD: S/Jason E. Miles

FOR OFFICE USE ONLY:

Receipt No. _____     Amount: _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____