```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

JERI WASCO,                          )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )  Case No. 1:06-cv-01875-RCL
                                     )
S&V ENTERPRISES AT                   )
JENNIFER STREET, INC.,               )
                                     )
     Defendant.                      )
                                     )
                                     )
_____)
```

**ANSWER OF DEFENDANT S&V ENTERPRISES AT JENNIFER STREET, INC.**

Defendant S&V Enterprises at Jennifer Street, Inc. ("S&V Enterprises"), by and through undersigned counsel, hereby submits its Answer and states as follows:

**JURISDICTION AND PARTIES**

1.   Defendant S&V Enterprises admits the allegations in Paragraph 1 of the Complaint.

2.   Defendant S&V Enterprises admits the allegations in Paragraph 2 of the Complaint.

3.   Defendant S&V Enterprises is without information or belief upon which to admit or deny the allegations regarding Plaintiff's disability and her activities before instituting this action, or her desire and present intention.  Defendant otherwise denies allegations in Paragraph 3 of the Complaint.

4.   Defendant S&V Enterprises admits the allegations in

Paragraph 4 of the Complaint in that it is authorized to conduct and is conducting business in the District of Columbia. Defendant denies that it is authorized to conduct and is conducting business in the State of Maryland.

5. Defendant S&V Enterprises admits the allegations in Paragraph 5 of the Complaint.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

6. In response to Paragraph 6 of the Complaint, Defendant S&V Enterprises incorporates by reference the answers set forth above in Paragraphs 1 through 5 as though fully set forth herein.

7. Defendant S&V Enterprises admits the allegations in Paragraph 7 of the Complaint.

8. Defendant S&V Enterprises admits the allegations in Paragraph 8 of the Complaint.

9. Defendant S&V Enterprises denies the allegations in Paragraph 9 of the Complaint.

10. Defendant S&V Enterprises is without information or belief as to Plaintiff's desire and present intention, and otherwise denies the allegations in Paragraph 10 of the Complaint.

11. Defendant S&V Enterprises admits the allegations in Paragraph 11 of the Complaint.

12. Defendant S&V Enterprises denies the allegations in Paragraph 12 of the Complaint. In further response to Paragraph 12, Defendant states that after the filing of this lawsuit, Defendant S&V Enterprises expended substantial funds to implement better accessibility. In addition, Plaintiff and Defendant subsequently reached an agreement to settle this dispute, but Plaintiff has refused to execute the settlement documents. In further answer to Plaintiff's allegations regarding specific barriers to access:

   i. Defendant S&V Enterprises denies there are no accessible seating positions/tables at the facility;

   ii. Defendant S&V Enterprises denies there is a lack of maneuvering clearance at the entrance door;

   iii. Defendant S&V Enterprises denies there is a ramp leading to the entrance door that is not accessible;

   iv. Defendant S&V Enterprises denies that items at the condiment stand are not accessible;

   v. Defendant S&V Enterprises denies the restroom is inaccessible and has specifically implemented the following measures:

      (1) Installed a sign with the international symbol of accessibility on the exterior face of the handicap accessible restroom;

(2) Changed the door from left hand inswinging to right hand outswinging, and provided offset (swing clear) hinges to maximize the clear opening of the door to a width of 31 inches;

(3) Replaced the lavatory with a wall mounted unit that complies with §4.19 of the ADA Standards for Accessible Design ("ADASAD");

(4) Installed grab bars on the wall behind and adjacent to the toilet;

(5) Relocated the paper towel dispenser to a position that abuts a clear floor space and where the highest operable part is no higher than 48 inches above the finished floor;

(6) Relocated the toilet seat protector dispenser to a position that abuts a clear floor space and where the highest operable part is no higher than 48 inches above the finished floor;

(7) Relocated the toilet to a centerline of 18 inches from the adjacent wall; and

(8) Replaced the toilet to increase the toilet seat height.

13. Defendant S&V Enterprises denies the allegations in Paragraph 13 of the Complaint.

14. Defendant S&V Enterprises denies the allegations in Paragraph 14 of the Complaint. As set forth above, Defendant S&V Enterprises has instituted remedial measures and is in compliance with the relevant provisions of the ADA.

15. Defendant S&V Enterprises denies the allegations in Paragraph 15 of the Complaint.

16. Defendant S&V Enterprises denies the allegations in Paragraph 16 of the Complaint. In further answer, Defendant S&V Enterprises states that it has implemented ADA compliance measures, reached a settlement with Plaintiff, and has tendered a settlement agreement that Plaintiff refuses to sign. Upon information and belief, Plaintiff has failed and refused to execute the settlement agreement in an effort to delay the resolution of this litigation for purposes of inflating attorney's fees.

17. Defendant S&V Enterprises avers that 42 U.S.C. § 12188 speaks for itself in regard to the Court's authority, and denies that Plaintiff is entitled to the relief sought in Paragraph 17 of the Complaint.

WHEREFORE, Defendant S&V Enterprises respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court grant Defendant S&V Enterprises such other and further relief as the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by estoppel.

3. Plaintiff's claims are barred by settlement.

4. Plaintiff's claims are moot.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


          /s/
_____
Dale A. Cooter (# 227454)
Donna S. Mangold (# 358851)
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202)537-0700
(202)364-3664 (Fax)
efiling@cootermangold.com

*Counsel for Defendant*
*S&V Enterprises*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of April, 2007, a copy of the foregoing **ANSWER OF DEFENDANT S&V ENTERPRISES AT JENNIFER STREET, INC.** was served upon the following counsel, by electronic transmission through the ECF system:

>Jason B. Miles, Esquire
>Schwartz, Zweben & Slingbaum LLP
>51 Monroe Drive, Suite 812
>Rockville, MD 20850
>jmiles@szalaw.com

>Gene Zweben, Esquire
>Schwartz, Zweben & Slingbaum, LLP
>205 SW Winnachee Drive
>Stuart, Florida 34994-7105
>gzweben@szalaw.com

>_____/s/_____
>Donna S. Mangold