## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JERI WASCO,

   Plaintiff,

vs.          CASE NO.: 1:06-CV-01875-RCL


S & V Enterprises at Jennifer Street,
Inc, a Washington, D.C. corporation,

   Defendant.

_____/

## JOINT RULE 16.3(d) REPORT

   Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit this report which outlines their Rule 26(f) discovery plan and provides a succinct statement of the parties' agreement as to the fourteen (14) matters set forth in Local Rule 16.3(c).

   **1.**  **<u>Dispositive Motions</u>**

   The parties propose that any dispositive motions be filed by September 29, 2007. Motions in opposition thereto shall be filed no later then October 16, 2007, and motions in reply to be filed no later than October 23, 2007.

   **2.**  **<u>Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues</u>**

   The parties agree that there will be no joinder of other parties into this cause of action.

   The parties believe that the factual and legal issues involved have been narrowly framed.

   **3.**  **<u>Assignment to a Magistrate Judge</u>**

The parties agreed to and conducted a site inspection of the subject property on February 21, 2007, from which a Stipulation for Settlement was prepared and have been the subject of settlement discussion. The parties believe they will be able to resolve and settle this matter within the normal course of discussions. As such, the parties do not believe that assignment to a magistrate Judge is necessary at this time.

**4.        Whether There is a Realistic Possibility of Settlement**

The parties believe there is a realistic possibility of settlement.

**5.        Whether the Case Could Benefit From ADR**

The parties believe this case would not benefit from ADR at this time. If the parties cannot resolve the issues prior to trial, then ADR may become beneficial.

**6.        Summary Judgment/Motion to Dismiss/Cross-Motions**

The parties agree that motions for summary judgment shall be filed by September 29, 2007. Motions in opposition thereto shall be filed no later then October 16, 2007, and motions in reply to be filed no later than October 23, 2007.

**7.        Rule 26(a)(1) Initial Disclosures**

The parties have satisfied the initial disclosures required by Rule 26(a)(1).

**8.        Discovery Matters**

      **A.        Commencement of Discovery**

The parties have commenced with discovery.

      **B.        Extent of Discovery**

Discovery is requested to the extent herein stated:

- An inspection of the Defendant's property for purposes of identifying barriers to access that exists in the public areas of the restaurant in violation of Title III of the ADA.

- Interrogatories, Request for Production of Documents to be propounded by each party as well as depositions on the issues set forth in the complaint if the parties cannot resolve the issues prior to engaging in discovery.

      **C.**    **How Long Discovery Should Take**

The parties agree to complete Discovery by September 15, 2007 pursuant to the

Scheduling Order.

      **D.**    **Limits on Discovery**

The parties agree that discovery is not limited to an extent beyond the meanings

contemplated in the Federal Rules of Civil Procedure and the Rules of this Court.

      **E.**    **Protective Order**

The parties believe a protective order is not necessary at this time.

    **9.**    **Experts**

    (a)    Plaintiff should designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by July 15, 2007;

    (b)    Defendant should designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by August 15, 2007;

    (c)    Plaintiff should identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by September 1, 2007;

    (d)    The Plaintiff and Defendant shall provide each other with a copy of their expert report.

    **10.**    **Class Certification**

This is not a case involving class certification.

    **11.**    **Bifurcation of Discovery and Trial**

The parties do not currently envision bifurcation of trial but reserve their rights on the subject.

**12.**    **Pretrial Conference**

The parties agree that the final pretrial conference should be held within 30 days after rulings on dispositive motions.

**13.**    **Trial**

The parties believe the Court need not set a firm trial date at this time.

**14.**    **Other Matters**

Such other matters that the parties believe may be appropriate for inclusion in an updated scheduling order.

Respectfully submitted May 17, 2007:

/s/ Jason E. Miles

Jason E. Miles, Esq.
Schwartz Zweben & Associates, LLP
51 Monroe St., Suite 812
Rockville, Maryland 20850
(301) 294-6868--- Voice
(301) 294-6480--- Fax
Attorney for Plaintiff
jmiles@szalaw.com

/s/ Dale A. Cooter

Dale A. Cooter, Esq
COOTER, MANGOLD, TOMPERT
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
(202) 537-0700
Fax: (202) 364-3664
Attorney for Defendant
efiling@cootermangold.com
*Signed by Plaintiff's attorney with Permission.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JERI WASCO,

      Plaintiff,

vs.                                             CASE NO.: 1:06-CV-01875-RCL

S & V Enterprises at Jennifer Street,
Inc, a Washington, D.C. corporation,

      Defendant.

_____/

## <u>PROPOSED SCHEDULING ORDER</u>

    Upon consideration of the parties' Joint Report to the Court pursuant to Fed. R.

Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the Court, pursuant to Fed. R. Civ. P.

16(b) and Local Rule 16.4(a), hereby **ORDERS** as follows:

    1.    <u>**Discovery.**</u>

    Discovery will begin immediately.  Initial disclosures pursuant to Fed. R. Civ.

P. 26(a)(1) shall be dispensed with.

    No changes to the number or duration of depositions appear to be necessary

and thus, unless otherwise authorized by the Court or stipulated by the parties,

each side may take 4 non-party depositions, expert depositions, and

depositions of the parties.  The depositions shall be a maximum of seven

hours in length, and each to be taken and completed the same day, if possible.

    No changes to the number of interrogatories appear necessary and thus, unless

otherwise authorized by the Court or stipulated by the parties, each side may

serve upon the other written interrogatories, not exceeding 25 in number including all discrete subparts.

Each side may serve requests for admissions and requests for production of documents as provided under Fed. R. Civ. P. 24 and 36.

All discovery, if necessary, shall be completed within 120 days from the commencement of discovery or September 15, 2007, whichever date is later. Additional time may be ordered by the Court.

With respect to experts:

(a)    Plaintiff will designate her experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by July 15, 2007;

(b)    Defendant will designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by August 15, 2007;

(c)    Plaintiff will identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by September 1, 2007;

(d)    The parties will make their experts available for deposition within 15 days of the designations and disclosures pertaining to that expert.

**2.      Joinder of Other Parties/Amendment of the Pleadings**

Joinder of other parties shall occur, if at all, as provided under the Rules or upon agreement of the parties, subject to the Court's approval.

**3.      Dispositive Motions.**

The parties propose that any dispositive motions be filed by September 29, 2007.  Motions in opposition thereto shall be filed no later then October 16, 2007, and motions in reply to be filed no later than October 23, 2007  The

Court will rule on the parties' dispositive summary judgment motions as soon as practicable after they are filed and will convene oral argument on the motions if necessary.

4.      **Protective Order**

The parties should prepare a suitable proposed protective order should they deem such an order necessary.

5.      **Pretrial Conference.**

The pretrial conference, if any, should be held within 30 days after rulings on the parties' dispositive summary judgment motions.

6.      **Trial.**

A date for trial, if any, will be set at the pretrial conference from 30 to 60 days after that conference.


_____
Royce C. Lamberth
United States District Judge


Dated: _____, 2007.